IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL No. C-11-1168-1 |
| | § | |
| CHRISTIAN YOUNG ALEMAN | § | |

ORDER

Pending before the Court is Defendant Christian Young Aleman's motion, received by the Clerk on May 20, 2013. (D.E. 33). Defendant Aleman seeks appointment of counsel for his pending motion to vacate, set aside or correct sentence. For the reasons set forth herein, the motion is DENIED.

Defendant Aleman does not have the right to appointed counsel for post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993) (no constitutional right to appointed counsel for habeas motion). A petitioner serving a noncapital sentence has no right to appointment of counsel in a habeas proceeding. *McFarland v. Scott*, 512 U.S. 849, 857 n. 3 (1994). There are certain situations in the course of section 2255 proceedings in which the Court is required to appoint counsel. *See, e.g.*, Rule 8(c), § 2255 Rules") (requiring that counsel be appointed upon determination that an evidentiary hearing is required); Rule 6(a) (court

must assign counsel to financially eligible defendants "[i]f necessary for effective discovery"). Should these situations arise, the Court will *sua sponte* appoint counsel for Defendant Aleman.

Because Defendant Aleman has no general constitutional or statutory right to counsel for his post-conviction proceedings, this Court DENIES his request for appointed counsel (D.E. 33).

ORDERED this 22nd day of May 2013.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**